E-FILED
Tuesday, 17 June, 2025 02:30:34 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
JUN 17 2025
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-CR-30036 |
| | ) | |
| IAN MOORE, | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 657 |
| Defendant. | ) | |

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH SIX
(Bank Fraud)

Between 2022 and 2024, within the Central District of Illinois, the defendant,

IAN MOORE,

did knowingly execute a scheme and artifice to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of Heartland Credit Union ("Heartland"), a credit union with accounts insured by the National Credit Union Share Insurance Fund, by means of false and fraudulent pretenses, representations, and promises.

## Scheme to Defraud

While an employee of Heartland, and while serving as a Members Service Officer, the defendant was responsible for managing Heartland's death accounts. Death accounts are Heartland accounts with owners who have passed away. It was the defendant's responsibility to send notifications to family members of the decedent, the decedent's estate, or next of kin, when Heartland became aware of the death of an account holder. Heartland kept track of when notification letters for death accounts were sent. As part of this employment, the defendant was able to draft checks and make cash withdrawals for those death accounts.

The defendant issued checks to himself and made cash withdrawals from death accounts under the guise that it was for the benefit of the account holder's estate, joint account holder, next of kin, or a related individual. The defendant then placed the proceeds into his own bank account, an account under his control, or kept the cash for his own purposes.

## Execution of the Scheme

On or about the below-listed dates, the defendant,

IAN MOORE,

submitted falsified checks, made cash withdrawals, and otherwise used false and fraudulent pretenses, representations, and promises in order to execute the scheme:

| Count | Date Negotiated | Check Number | Amount | Victim Account |
|---|---|---|---|---|
| 1 | 10/13/2022 | 244064 | $1,172.22 | Victim One |
| 2 | 12/20/2023 | 260290 | $17,639.81 | Victim Two |
| 3 | 04/17/2024 | 265088 | $4,820.59 | Victim Three |
| 4 | 05/25/2024 | 266537 | $5,070.37 | Victim Four |
| 5 | 06/17/2024 | 266536 | $5,070.37 | Victim Four |
| 6 | 07/26/2024 | 269281 | $6,609.50 | Victim Five |

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT SEVEN
(Credit Union Theft, Embezzlement, or Misapplication)

Between 2022 and 2024, within the Central District of Illinois, the defendant,

IAN MOORE,

being an employee of Heartland Credit Union ("Heartland"), a financial institution whose accounts were insured by the National Credit Union Administration Board, with intent to defraud Heartland, willfully misapplied, embezzled, abstracted, and purloined moneys, funds, credits, securities, and other things of value belonging to and otherwise entrusted to the care of Heartland.

All in violation of Title 18, United States Code, Section 657.

## FORFEITURE ALLEGATION

The Grand Jury further finds probable cause that:

1. The allegations contained in Counts One through Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1344 and 657 set forth in Counts One through Seven of this Indictment, the defendant, IAN MOORE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following: a sum of money of at least $77,025.30, which represents the proceeds of the offenses charged in Counts One through Seven that the defendant obtained and that, upon entry of an order of forfeiture, shall be reduced to a money judgment.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL,

[redacted]

[redacted]REPERSON

GREGORY M. GILMORE
ACTING UNITED STATES ATTORNEY
TKJ